[S. F. No. 7859. In Bank.—December 8, 1916.]

## J. E. SEXTON, Appellant, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), et al., Respondents.

RAILROAD COMMISSION—FREE TRANSPORTATION BY RAILROADS TO COMMISSION AND ITS EMPLOYEES—ACTION BY STOCKHOLDER TO ENJOIN—STATE COURTS WITHOUT JURISDICTION.—In view ·of the restrictive provisions of section 67 of the Public Utilities Act (Stats. 1915, p. 161), the superior court has no power, at the'instance of a stockholder of a railroad company, to enjoin the company and its directors from issuing and honoring free transportation over its lines in the state, in compliance with the requirements of section 11 of the act, to the railroad commission, its officers and employees, when traveling in the performance of their official duties.

ID.—OFFICIAL DUTIES OF COMMISSION.—The words "official duties," as used in the provision of section 67 of the act, depriving the state courts, with the exception of the supreme court, to the extent therein specified, of jurisdiction to enjoin, restrain, or interfere with the commission in the performance of its official duties, mean any duties defined by the act.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

McNair & Stoker, for Appellant.

Douglas Brookman, for Respondent Railroad Commission.

E. W. Camp, and U. T. Clotfelter, for Respondent Railway Company.

ANGELLOTTI, C. J.—Demurrers to plaintiff's complaint were sustained in the superior court and judgment was thereupon given in favor of defendants. This is an appeal by plaintiff from such judgment.

The action was by plaintiff, as a stockholder of the defendant railway company, against such railway company and its directors and the members of the railroad commission of the state, to obtain a decree restraining the railway company

and its directors from issuing or honoring free transportation over its lines in the state to the railroad commission, its officers, and employees, and restraining the railroad commission from instituting or prosecuting any action, civil or criminal, as against said railway company or any of its officers, agents, or employees for failure to comply with the provisions of the Public Utilities Act relative to such transportation.

The Public Utilities Act provides in section 11, as follows: "The commissioners and the officers and employees of the commission, shall, when in the performance of their official duties, have the right to pass, free of charge, on all railroads, cars, vessels and other vehicles of every common carrier . . . subject in whole or in part to control or regulation by the commission, between points within this state, and such persons shall not be denied the right to travel upon any railroad, car, vessel or other vehicle of such common carrier, whether such railroad, car, vessel or other vehicle be used for the transportation of passengers or freight, and regardless of its class." (Stats. 1915, p. 121.) It further provides in subdivision 3 of section 17 that "the members of the railroad commission, their officers and employees, shall be entitled, when in the performance of their official duties, to free transportation over the lines of all common carriers within this state." (Stats. 1915, p. 126.) It is in pursuance of these provisions that the directors of the railway company have authorized and caused the issuance of free transportation to the members, officers, and employees of the railroad commission, and caused the same to be honored, and will continue to do so unless restrained. Under other provisions of the Public Utilities Act, any railway company failing to comply with any provision of the act, including these provisions, and its officers, are subject to severe penalties, each day's continuance of such a failure being declared a separate and distinct offense, and it is substantially alleged that the penalties are so drastic that neither the company nor its directors can reasonably afford to refuse to comply with the provisions for the purpose of testing the validity of the same. It is further alleged in the complaint that, in the event of any such failure, the railroad commission will institute proceedings against the company and its officers to enforce the civil and criminal penalties prescribed by the act.

It is claimed that these provisions of the act are unconstitutional, null, and void, in that their enforcement deprives the railway company of its property without due process of law, and denies to said company the equal protection of the laws, in violation of the fourteenth amendment of the constitution of the United States and of section 14 of article I of the constitution of this state. It is also claimed that they violate section 19 of article XII of the state constitution. The question whether a state may lawfully, in view of the provision of the federal constitution referred to, require free transportation at the hands of a railway company for the railroad commission, and the officers and employees of such commission, when in the performance of any of their official duties, especially when as here those duties include not only the supervision of railroads, but also of gas companies, electric light companies, pipe-line companies, telephone, telegraph, and water companies, etc., is not discussed in the briefs, and is, as we look at the matter, one that we cannot properly decide on this appeal.

Section 67 of the Public Utilities Act provides, among other things, as follows: "No court of this state (except the supreme court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, *or to enjoin, restrain or interfere with the commission in the performance of its official duties;* provided, that the writ of *mandamus* shall lie from the supreme court to the commission in all proper cases." (The italics are ours.)

In *Pacific Telephone & Telegraph Co.* v. *Eshleman*, 166 Cal. 640, [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119], it was held by all the six justices participating, first, that by virtue of certain provisions of sections 22 and 23 of article XII of our constitution substantially declaring the authority of the legislature to confer any powers germane to the subject of the regulation and control of public utilities upon the railroad commission to be plenary and unlimited by any provision of the constitution, the validity of any such grant of power by the legislature cannot be questioned by reason of any other provision of the state constitution; and, second, that the provision of section 67 hereinbefore quoted is therefore a valid and effective limitation on the courts of the

state, the theory, as substantially stated in the concurring opinion of Mr. Justice Sloss, being that to limit the power of review by the courts of orders of the railroad commission, or to limit the power of courts to restrain or interfere with the commission in the performance of its official duties, was *quoad hoc* to confer upon the railroad commission a greater or more absolute power.   While that case involved questions as to the review of an *order* of the railroad commission, the reasoning is equally applicable to that portion of the provision of section 67 relative to the matter of enjoining, restraining, or interfering with the commission in the performance of its official duties.   It is unnecessary here to restate or attempt to add to the learned and exhaustive discussion of the question contained in the opinion of Mr. Justice Henshaw and the concurring opinion of Mr. Justice Sloss.   Briefly stated, the conclusion of Mr. Justice Henshaw, concurred in by Justices Lorigan and Melvin, was substantially that such deprivation of jurisdiction of the courts of the state as is made by section 67 of the Public Utilities Act may not be questioned; and the conclusion of Mr. Justice Sloss, concurred in by Mr. Justice Shaw and the writer of this opinion, was that there could be no objection under the constitution of the state to said section 67, and that, by reason of said section, no court of the state other than the supreme court has any power to review the orders of the commission, or to control its official action.

It is urged that said section 67 has only to do with the matter of review and enforcement of *orders* and *decisions* of the commission, and is not concerned with the matter of the enforcement of the provisions of the Public Utilities Act by the commission.   It is further urged that there can be no *official duty,* within the meaning of that term as used in the section, to enforce a provision of the act that is in violation of a constitutional provision, as is claimed to be the situation with relation to the provisions of the act regarding free transportation, and that it was not the design of the section to interfere, in any way, with the jurisdiction of the superior court to inquire as to the validity of any provision of the act, and to prevent by injunction the attempted enforcement by the commission of the provision if it found it to be invalid.   The first of these claims is not very earnestly pressed, and of course could not be in view of the language of the section. The matter of orders and decisions of the commission is dealt

with in the first portion of the provision, while the latter portion, in language that cannot be read otherwise, prevents any such interference as is therein declared with *any* official duty of the commission. We are satisfied that the second claim is equally untenable. The plain design of the provision was to prevent any interference with the commission by the courts, except as prescribed in the act itself, in the performance of any duty *defined by the act.* The term "official duties" as used therein cannot reasonably be given any other meaning, especially when considered in connection with the first portion of the provision, as it must be. Concededly no review of any order or decision of the commission, on the alleged ground that it is violative of any constitutional provision or on any ground is permitted to any court, except as provided in the act itself. The clear intent of the provision as a whole is to place the commission, in so far as the state courts are concerned, in a position where it may not be hampered in the performance of any official act by any court, except to the extent and in the manner specified in the act itself. To the extent deemed necessary to accomplish this, the jurisdiction of state courts is limited by the provision, that of the superior court apparently being entirely taken away, except as to certain actions specially authorized by the act itself to be brought therein at the instance of the commission to enforce penalties or to compel compliance with the provisions of the act. That such special provision is made for certain proceedings in the superior court, and that therein questions as to the validity of certain provisions of the act may be presented and determined, in no wise indicates that the construction we give the provision before us is not correct. This particular jurisdiction is simply left in the superior court by the act itself. The question presented is simply one of construction, and we entertain no doubt as to the plain meaning of the provision.

It seems clear, in view of what has been said, that the superior court has no power to enjoin the commissioners, or to render any judgment herein that would "interfere" with them in the performance of the official duties purported to be cast upon them by the Public Utilities Act, the validity of any provision of which so far as germane to the subject of the regulation and control of public utilities cannot be questioned, as we have seen, by reason of any provision of the state con-

stitution other than those relative specially to the railroad commission. They are authorized to proceed in accord with the provisions of the act unhampered in any way by any injunction of the superior court. It would appear to follow that the superior court has no right on the suit of a stockholder to enjoin the railway company and its directors *from complying with the provisions of the act.* The learned trial judge said as to this: "I do not think that it could be claimed under the statute, and the Telephone case, that this court would have any power to enjoin the commissioners, but the same object is accomplished by enjoining the directors of the Railway Company from issuing the free passes. The language of section 67 is broad enough to cover a proceeding of this sort. The judgment asked for here would necessarily be an interference with the commission in the performance of its official duties, if not in effect an injunction and restraint forbidden by the statute." We see no necessity for saying anything further on this point.

The judgment is affirmed.

Sloss, J., Shaw, J., Henshaw, J., Melvin, J., and Lawlor, J., concurred.