[No. S034084. Dec. 27, 1993.]

GLENN GREENER et al., Plaintiffs and Appellants, v.
WORKERS' COMPENSATION APPEALS BOARD, Defendant and
Respondent.

**COUNSEL**

Thomas D. Kolpacoff and Paul I. Palant for Plaintiffs and Appellants.

Richard W. Younkin and Thomas J. McBirnie for Defendant and Respondent.

**OPINION**

**BAXTER, J.**—We granted review in this case to consider whether a superior court has (1) personal jurisdiction over the Workers' Compensation Appeals Board, and (2) subject matter jurisdiction over an action to declare

provisions of the Workers' Compensation Act (Lab. Code, § 3200 et seq.)[1] invalid and enjoin enforcement of those provisions. The Court of Appeal held that the superior court had jurisdiction.

We conclude that the superior court lacks subject matter jurisdiction and reverse the judgment of the Court of Appeal.

## I

## THE SUPERIOR COURT ACTION

The Legislature amended sections 4903 and 5710 in 1991. (Stats. 1991, ch. 934, § 14; *id.*, ch. 116, § 32.) The amendments terminated the power of the board to make awards of, and allow liens for, attorney fees to applicant representatives who are not attorneys, and to award fees to unlicensed attorneys for representation of an applicant in a deposition taken by an employer or insurer. Appellants, who have graduated from law school and hold juris doctor degrees, but are not members of the State Bar, are "Hearing Representatives" who represent applicants seeking workers' compensation benefits.[2] They initiated this action for declaratory and injunctive relief in the Sacramento County Superior Court. The complaint named the Workers' Compensation Appeals Board (Board) as defendant and sought a declaration that the bills amending the statutes, which had not yet become effective, were invalid under provisions of both the federal and state Constitutions.

The complaint sought a declaration that the bills were invalid because they had been adopted in violation of the open and public hearing requirements of Government Code section 9029 et seq.; denied equal protection in violation of the Fourteenth Amendment to the United States Constitution and article I, section 7, subdivision (a) of the California Constitution; and violated the separation of powers provisions of article III, section 3 of the California Constitution.[3] A separate count sought an injunction "prohibiting the amendment from taking effect."

---

[1] All statutory references are to the Labor Code unless otherwise specified.

[2] Representation by nonattorneys is authorized by sections 5501 and 5700.

Section 4903, as amended, provides, in subdivision (a), for a lien for attorney fees, but provides that "[n]o fee for legal services shall be awarded to any representative who is not an attorney . . . ." Subdivision (b)(4) of section 5710, as amended, provides that an applicant who is deposed is entitled to an allowance for attorney fees "if represented by an attorney licensed by the state bar of this state."

Whether the Legislature intended by the amendments to sections 4903 and 5710 to distinguish attorneys who are not members of the State Bar and persons who do not hold law degrees at all is not clear. That question is not presented in this case.

[3] We express no view on the merits of these claims.

The Board, in a "special appearance," moved to quash service of summons and to dismiss the action on the ground that the superior court lacked jurisdiction over it and the subject matter of the action. It asserted in support of the claim that section 5955 conferred jurisdiction only on the Court of Appeal and Supreme Court because the action concerned claims for workers' compensation benefits. The Board argued that controversies regarding benefits could be resolved only by the Board, whose rulings could not be reviewed by the superior court.

The superior court granted the motion to quash service of summons and dismiss in a minute order which also denied, for want of jurisdiction over the subject matter, plaintiffs' request for a preliminary injunction. Plaintiffs appealed from that order. Noting that the dismissal order was not appealable since it was not signed by the court (Code Civ. Proc., § 581d), the Court of Appeal treated the appeal as one from the order granting the motion to quash service of summons. (Code Civ. Proc., § 904.1, subd. (c).) The Court of Appeal then reversed the order. That court reasoned that the action did not challenge an order of the Board, and did not ask the superior court to interfere with the duties of the Board, since the Board had no duty to act under an invalid statute.

II

THE JURISDICTIONAL QUESTION

1. *Personal Jurisdiction.*

 The Board argues that the Legislature, exercising the plenary power granted it by article XIV, section 4, of the California Constitution, has conferred exclusive jurisdiction over it on the Court of Appeal and this court. It relies for this proposition on that part of section 5955 which provides that only these courts may "restrain, enjoin, or interfere with the appeals board in the performance of its duties . . . ."

We do not agree. The Board confuses personal jurisdiction with subject matter jurisdiction. The workers' compensation law nowhere states that the Board is not subject to suit in the superior court. Section 5955 provides only that the superior court may not entertain an action which seeks to restrain, enjoin, or interfere with the Board in its performance of duties created under that law. The Board is an entity present in this state that is subject to suit as a "public entity" pursuant to Code of Civil Procedure section 416.50. Personal jurisdiction is not determined by the nature of the action, but by the legal existence of the party and either its presence in the state or

other conduct permitting the court to exercise jurisdiction over the party. ██ Subject matter jurisdiction, by contrast, is the power of the court over a cause of action or to act in a particular way. (See generally, *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 9, p. 374.)[4]

██ None of the cases relied on by the Board supports a conclusion that in limiting the types of claims that may be heard in a court, the Legislature has thereby withheld personal jurisdiction over the agency from that court.

In *Loustalot* v. *Superior Court* (1947) 30 Cal.2d 905 [186 P.2d 673], the issue was whether the superior court had jurisdiction in habeas corpus to review a contempt order of the Industrial Accident Commission (IAC), the predecessor to the Board. We did not hold that the superior court lacked personal jurisdiction over the Board. We held only that, on the facts of that case, an order granting habeas corpus would have the effect of annulling an order of the IAC, and thus would interfere with an order of the IAC in contravention of the exclusive review jurisdiction of that body. *Loustalot* was, therefore, a subject matter jurisdiction case.

The same is true of *Sexton* v. *Atchison etc. Ry. Co.* (1916) 173 Cal. 760 [161 P. 748]. There the plaintiff sought to restrain the defendant railroad from providing free transportation to members of the railroad commission and its employees, as defendant was required to do by sections 11 and 17 of the Public Utilities Act. (Stats. 1915, ch. 91, §§ 11 & 17, pp. 121 & 126.)˙ The railroad and members of the railroad commission were named as defendants. The defendants demurred to the complaint. No challenge to personal jurisdiction over the railroad commission (or its members) was at issue. Considering a jurisdictional limitation similar to section 5955, we held only that the injunction sought was beyond the power of the superior court.

No personal jurisdiction issue was raised in *Hickey* v. *Roby* (1969) 273 Cal.App.2d 752 [77 Cal.Rptr. 486], also a case involving superior court jurisdiction in matters relevant to Public Utility Commission functions. In that case the Public Utilities Commission had intervened. *American Drug*

---

[4]The Board urges an expansive reading of section 5955, arguing that if its staff must appear in the superior court to defend, by demurrer, an action against it, the time taken from the normal duties of its staff will interfere with the performance of its duties. It does not explain how, assuming the truth of the assertion, the statute relates to personal, as opposed to subject matter, jurisdiction.

The language of section 5955 suggests that the Legislature intended only to insulate the Board from superior court actions related to its administration of the workers' compensation system. Nothing in the section indicates that if the Board was otherwise subject to suit, as in a tort or contract action, the superior court would lack jurisdiction over the Board.

*Stores, Inc.* v. *Stroh* (1992) 10 Cal.App.4th 1446 [13 Cal.Rptr.2d 432], affirmed a judgment entered on the granting of a demurrer without leave to amend in an action against the director of the Department of Alcoholic Beverage Control. The challenge made by the demurrer was to the subject matter jurisdiction of the superior court. The court held that the "*action seeking a judgment which will interfere with the agency's prospective disciplinary orders is beyond the jurisdiction of the superior court*, . . ." (10 Cal.App. 4th 1446, 1452, italics added.)

The trial court erred, therefore, in granting the Board's motion insofar as it claimed lack of personal jurisdiction.

### 2. *Subject matter jurisdiction.*

■　　We note initially that the procedure by which the Board sought to raise its challenge to the jurisdiction of the superior court over plaintiffs' action was improper. A motion to quash service of summons lies on the ground that the court lacks personal, not subject matter, jurisdiction over the moving party. (Code Civ. Proc., § 418.10.)

A challenge to the subject matter jurisdiction of a court is properly brought by demurrer to the complaint (Code Civ. Proc., § 430.10, subd. (a); see, e.g., *Santiago* v. *Employee Benefits Services* (1985) 168 Cal.App.3d 898 [214 Cal.Rptr. 679]; *Miller* v. *R.K.A. Management Corp.* (1979) 99 Cal.App.3d 460 [160 Cal.Rptr. 164]). It may also be raised by a motion to strike (Code Civ. Proc., §§ 435, 437); motion for judgment on the pleadings (*Jarchow* v. *Transamerica Title Ins. Co.* (1975) 48 Cal.App.3d 917 [122 Cal.Rptr. 470]); motion for summary judgment (Code Civ. Proc., § 437c; *Hisel* v. *County of Los Angeles* (1987) 193 Cal.App.3d 969 [238 Cal.Rptr. 678]; *United States Borax & Chemical Corp.* v. *Superior Court* (1985) 167 Cal.App.3d 406 [213 Cal.Rptr. 155]); or in an answer (*Horney* v. *Guy F. Atkinson Co.* (1983) 140 Cal.App.3d 923 [190 Cal.Rptr. 18]).

The challenge may not, however, be made in a "special appearance" by a motion to quash service of summons. The only situation in which a motion to quash service of summons has been approved as a procedure by which to challenge the sufficiency of the complaint is in unlawful detainer, where a demurrer is unavailable. (See *Delta Imports, Inc.* v. *Municipal Court* (1983) 146 Cal.App.3d 1033, 1035-1036 [194 Cal.Rptr. 685].)[5]

■　　We do not, and indeed may not, approve the use of a motion to quash as an alternative to a demurrer, nor do we accept the assumption of the

---

[5]We do not intend, by noting this decision, to express approval of the conclusion that an exception should be recognized in unlawful detainer actions. That question is not presented here.

Board that by making its challenge by motion to quash and dismiss it avoided making a general appearance in the action. Notwithstanding a "special appearance" designation on a motion to quash, if the movant seeks relief on any basis other than lack of personal jurisdiction, he or she makes a general appearance. (See 2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 149 et seq., p. 534, and cases cited.)[6]

3. *Statutory limits on superior court jurisdiction in actions related to workers' compensation legislation.*

As we have explained above, this dispute actually centers around the impact of section 5955 and related provisions of the workers' compensation law and thus presents a question of subject matter, not personal, jurisdiction.[7] We must determine whether the Legislature intended to reserve solely to the Court of Appeal and this court jurisdiction to entertain challenges to the constitutional validity of provisions of the workers' compensation law, and, if so, whether plaintiffs have any remedy prior to being denied an award of fees and a lien by the Board.

■ The California Constitution confers on the Legislature "plenary power, unlimited by any provision of this Constitution," to establish a system of workers' compensation. (Cal. Const., art. XIV, § 4.) That power includes the power to "provide for the settlement of any disputes arising under such legislation by arbitration, or by an industrial accident commission, by the courts, or by either, any, or all of these agencies, either separately or in combination, and [the Legislature] may fix and control the method and manner of trial of any such dispute, the rules of evidence and the manner of review of decisions rendered by the tribunal or tribunals designated by it; provided, that all decisions of any such tribunal shall be subject to review by the appellate courts of this State." (*Ibid.*)

The jurisdictional provisions of article VI of the California Constitution are, therefore, inapplicable to the extent that the Legislature has exercised the powers granted it under section 4 of article XIV.

---

[6]The Board also argues that it is not a proper party defendant. That claim should be, but was not, made in the superior court by demurrer to the complaint. (See, e.g., *Winter* v. *Gnaizda* (1979) 90 Cal.App.3d 750 [152 Cal.Rptr. 700].) It is not cognizable in the appeal from the order quashing service of summons and dismissing the complaint in this case.

[7]Ironically, in its petition for rehearing to the Court of Appeal, the Board conceded "at this time" that the superior court had subject matter jurisdiction over some of the claims made in the complaint, and argued only that the superior court lacked personal jurisdiction over the Board. Its briefs in this court also claim lack of personal jurisdiction, but the Board's arguments actually address subject matter jurisdiction. It appears to so concede elsewhere where it argues that the award of fees for legal services in workers' compensation proceedings is a subject "within the exclusive subject matter jurisdiction of the WCAB."

■ While the Constitution confers on the Legislature the power to establish a system of workers' compensation, section 3.5 of article III of the Constitution withholds from administrative agencies the power to determine the constitutional validity of any statute: "An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:

"(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;

"(b) To declare a statute unconstitutional;

"(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations."

The Legislature has not attempted to exempt the Board from the strictures of section 3.5 of article III of the Constitution.[8] Therefore, until an appellate court has considered and upheld a challenge to the amended statutes, the Board must comply with the statutes plaintiffs sought to challenge in their complaint for declaratory and injunctive relief.

The question thus posed is whether the workers' compensation law limits plaintiffs' remedy to a petition for review of an order of the Board which will, presumably, decline to award fees for plaintiffs' representation of applicants after the effective date of the amendments to sections 4903 and 5710 and will decline to impose a lien for those fees on an award of workers' compensation benefits. To decide this, we first note the relevant statutory provisions.

Acting pursuant to the authority of section 4 of article XIV of the Constitution, the Legislature has conferred rulemaking and adjudicatory powers on the Board.[9] The Board is given the power to adjudicate claims by employees for injury "arising out of and in the course" of their employment. (§ 3600, subd. (a).) "Proceedings which in any manner concern the recovery

---

[8]Such an exemption would be a permissible exercise of the Legislature's plenary power over workers' compensation only if it were necessary to the effectiveness of the system of workers' compensation. (See *Hustedt* v. *Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 329, 342-343 [178 Cal.Rptr. 801, 636 P.2d 1139].)

[9]Section 5307 confers the power to adopt rules governing practice or procedure in hearings before it. The administrative director is authorized to "adopt, amend or repeal any rules or

of compensation, or any right or liability 'arising out of or incidental thereto' are to be instituted solely before the Appeals Board. (Lab. Code, § 5300, subd. (a).)" (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d 898, 901.) Plaintiffs' right to fees and to a lien on an award of workers' compensation is clearly incidental to proceedings which concern recovery of compensation. However, their right to have the validity of the statute which terminates those rights determined is not so clearly incidental to such proceedings.

Section 5300 identifies the proceedings which may be instituted only before the Board. It provides:

"All the following proceedings shall be instituted before the appeals board and not elsewhere, except as otherwise provided in Division 4.

"(a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto.

"(b) For the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee, his dependents, or any third person.

"(c) For the determination of any question as to the distribution of compensation among dependents or other persons.

"(d) For the determination of any question as to who are dependents of any deceased employee, or what persons are entitled to any benefit under the compensation provisions of this division.

"(e) For obtaining any order which by Division 4 the appeals board is authorized to make.

"(f) For the determination of any other matter, jurisdiction over which is vested by Division 4 in the Division of Industrial Accidents, including the administrative director and the appeals board."

The jurisdiction thus conferred extends to claims for industrial injury and proceedings related to the enforcement of rights under the workers' compensation law. None of the matters identified in section 5300 encompasses a claim that a legislative amendment to that law is unconstitutional.

The Board does not suggest which provision other than section 5955 might arguably vest initial jurisdiction over plaintiffs' action in it, or limit

regulations that are reasonably necessary to enforce [the provisions of division 4] except where this power is specifically reserved to the appeals board . . . ." (§ 5307.3.)

subject matter jurisdiction over judicial challenges to the workers' compensation law to the appellate courts.

Section 5955 is part of the legislatively established system for review of *orders, decisions, and awards* of the Board or a workers' compensation judge when the orders, decisions, and awards are made under provisions of the workers' compensation law. They are reviewable by the Board on petition for reconsideration. (§ 5900.) No cause of action arising out of such orders, decisions, and awards, other than authorized enforcement actions, may accrue in any court unless a petition for reconsideration has been made and granted or denied by the Board. (§ 5901.)

Following reconsideration, however, a person affected by the order of the Board may seek review of that order, decision or award in the Court of Appeal or this court. (§ 5950.) At least as to those rulings, the jurisdiction of the appellate courts is exclusive, as section 5955 provides: "No court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the appeals board . . . ." But section 5955 also reserves to this court and the Court of Appeal jurisdiction over actions which seek or might lead to an order that would "suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties. . . ."

If the Legislature intended by these provisions to limit jurisdiction over challenges to the validity of the workers' compensation law to claims made in a petition for review of an order or decision of the Board, plaintiffs' challenge was premature. When this action was instituted, the statute in question had not become effective and plaintiffs had not been denied a lien on an applicant's award. If review of the validity of the law is so limited, the challenge must be made by a person whose rights have been affected by the Board's application of the statute. In short, the challenge must come following exhaustion of the remedies available in the workers' compensation system, and must be made by petition for review of the order of the Board.

However, section 5955 also permits a petition for writ of mandate in "proper cases" and limits jurisdiction over such petitions to the appellate courts. Arguably, the challenge would not be a "proper case" for petition for writ of mandate since, until the award is made and the lien denied, the Board has not failed to do an act required by law (Code Civ. Proc., § 1085), and the review procedure provides an equally adequate remedy. (Code Civ. Proc., § 1086.)

We must decide, therefore, (1) if the superior court has subject matter jurisdiction over a declaratory relief action seeking an adjudication of the

constitutional validity of a workers' compensation statute, and (2), if not, what criteria are to be applied in determining whether a claim related to workers' compensation legislation is a "proper case" for decision by petition for writ of mandate in an appellate court.

## III

### DECLARATORY AND INJUNCTIVE RELIEF

Although not relevant to the Board's personal jurisdiction claim, *Loustalot v. Superior Court, supra*, 30 Cal.2d 905, is instructive on the subject matter jurisdiction issue. ■ There we made it clear that the jurisdictional provisions of the workers' compensation law had limited scope. "In the exercise of its normal jurisdiction with respect to compensation awards or safety rules, the decisions of the commission are subject to review only by the methods set forth in the workmen's compensation law. (Lab. Code, §§ 5810, 6600-6601, 5950, 5955.) In these sections the Legislature has properly exercised its power to control the jurisdiction of the courts in regard to workmen's compensation proceedings." (30 Cal.2d at p. 908.) We also said, however, that "[e]xcept in so far as review of commission action by habeas corpus might involve the validity of a compensation award or safety rule, that writ is available to attack the validity of an order of the Industrial Accident Commission imprisoning defendant for contempt." (*Id.*, at p. 910.) Therefore, the superior court has not been denied jurisdiction over all actions related to a workers' compensation proceeding.

■ Section 5955 is, as we noted in *Loustalot* v. *Superior Court, supra*, 30 Cal.2d 905, 911, modeled after, and almost identical to, section 67 of the Public Utilities Act (Stats. 1915, ch. 91, § 67, p. 161).[10] (See now, Pub. Util. Code, § 1759.) We construed that section 67 in *Sexton* v. *Atchison etc. Ry. Co., supra*, 173 Cal. 760 (*Sexton*), on facts analogous to those presented here.

On appeal from that judgment we rejected an argument that the jurisdictional limitations of section 67 of the Public Utilities Act applied only to review of orders of the commission. We also rejected the reasoning on which

---

[10]After providing for review of orders or decisions of the Public Utilities Commission by writ of review to this court, section 67 of the Public Utilities Act provided: "No court of this state (except the supreme court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties; *provided*, that the writ of mandamus shall lie from the supreme court to the commission in all proper cases." (*Id.*, ch. 91, § 67, pp. 161-162.)

the Court of Appeal relied in this case—that granting the requested injunction against provision of free transportation to railroad commission members and employees would not interfere with the commission's performance of its duties because the commission had no duty to comply with an invalid statute.

"We are satisfied that the second claim is equally untenable. The plain design of the provision was to prevent any interference with the commission by the courts, except as prescribed in the act itself, in the performance of any duty *defined by the act.* The term 'official duties' as used therein cannot reasonably be given any other meaning, especially when considered in connection with the first portion of the provision, as it must be. Concededly, no review of any order or decision of the commission, on the alleged ground that it is violative of any constitutional provision or on any ground is permitted to any court, except as provided in the act itself. The clear intent of the provision as a whole is to place the commission, insofar as the state courts are concerned, in a position where it may not be hampered in the performance of any official act by any court, except to the extent and in the manner specified in the act itself. To the extent deemed necessary to accomplish this, the jurisdiction of state courts is limited by the provision, that of the superior court apparently being entirely taken away, except as to certain actions specially authorized by the act itself to be brought therein at the instance of the commission to enforce penalties or to compel compliance with the provisions of the act. . . .

". . . [T]he superior court has no power to enjoin the commissioners, or to render any judgment herein that would 'interfere' with them in the performance of the official duties purported to be cast upon them by the Public Utilities Act, the validity of any provision of which so far as germane to the subject of the regulation and control of public utilities cannot be questioned . . . . They are authorized to proceed in accord with the provisions of the act unhampered in any way by any injunction of the superior court. . . . 'The judgment asked for here would necessarily be an interference with the commission in the performance of its official duties, if not in effect an injunction and restraint forbidden by the statute.' " (*Sexton, supra,* 173 Cal. at pp. 764-765, original italics.)

Here, too, were the relief sought by plaintiffs granted, the effect of the superior court judgment would be to interfere with the Board in carrying out the duty imposed on it by the amended statutes to restrict awards and liens for representation of applicants before the Board to those sought by members

of the State Bar, and awards to attorneys for representation of an applicant during the applicant's deposition.[11]

The language of section 5955 parallels in all material respects that included in the 1917 workers' compensation law. (Stats. 1917, ch. 586, § 67, subd. (d), p. 876.) There, after providing for review of orders and decisions of the Industrial Accident Commission by petition for writ of review, the Legislature stipulated: "No court of this state, except the supreme court and the district courts of appeal to the extent herein specified, shall have jurisdiction to review, reverse, correct or annul any order, rule, regulation, decision or award of the commission, or to suspend or delay the operation or execution thereof, or to restrain, enjoin or interfere with the commission in the performance of its duties; *provided*, that a writ of mandamus shall lie from the supreme court or the district courts of appeal in all proper cases." (*Ibid.*)

Section 67(d) of the 1917 workers' compensation legislation repeats almost verbatim section 67 of the Public Utilities Act. When the Legislature uses language identical to that of an existing statute in newly enacted legislation, it is presumed that the same construction is intended. (*City of Long Beach* v. *Payne* (1935) 3 Cal.2d 184, 191 [44 P.2d 305]; *Nishikawa Farms, Inc.* v. *Mahony* (1977) 66 Cal.App.3d 781, 787 [136 Cal.Rptr. 233].) When the new statute is enacted in the session of the Legislature that immediately follows a decision of this court construing the existing statute, the conclusion that the construction adopted by the court is intended is inescapable.

Plaintiffs fail to address the relevance of *Sexton, supra,* 173 Cal. 760, and direct us to no case in which a constitutional challenge to the validity of a provision of the workers' compensation law has been entertained by the superior court.

The only distinction between this case and *Sexton, supra,* 173 Cal. 760, is that the statutes challenged here had not yet become effective at the time the action was filed. That, however, is a distinction without a difference. The impact of the order plaintiffs sought would be the same. As of the effective date of the legislation, the Board would be unable to comply with its duties under that legislation.

---

[11]In its petition for rehearing the Board stated that "[a]t this time" it did not dispute superior court subject matter jurisdiction over plaintiffs' assertion that the Legislature failed to comply with the requirements of Government Code section 9027 when sections 4903 and 5710 were adopted. We are not bound by that concession, of course, and do not agree that an attempt to invalidate sections 4903 and 5710 on that ground is within the subject matter jurisdiction of the superior court. Invalidation of the statutes on any ground would interfere with the ability of the Board to comply with the duties imposed on it by the workers' compensation law.

We conclude that plaintiffs' challenge to the validity of sections 4903 and 5710 is not within the subject matter jurisdiction of the superior court. Therefore, while the superior court erred in basing its dismissal order on absence of personal jurisdiction, the order was correct insofar as it was based on the absence of subject matter jurisdiction.

IV

MANDAMUS

 Plaintiffs claim that since there has been no order by the Board of which they may seek review, and the Board is not authorized to rule on the constitutional validity of a statute, they have no present remedy, although the impact of the amendments to sections 4903 and 5710 is to deny them a fundamental right—the right to work. We therefore address whether plaintiffs' challenge to the constitutionality of workers' compensation legislation is a "proper case" for issuance of a writ of mandate as permitted by section 5955.[12] We conclude that mandate may be available if plaintiffs are able to satisfy the court in a properly presented petition that the criteria for relief by extraordinary relief under Code of Civil Procedure section 1085 have been met.

Mandamus "may be issued . . . to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person." (Code Civ. Proc., § 1085.) It "must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., § 1086.)

The complaint does not allege that, at the time plaintiffs filed this action, the Board had denied either plaintiff a lien on an award in which either had

---

[12]The Board conceded at oral argument that a challenge to the validity of a statute regulating workers' compensation could be brought by petition for mandate or prohibition in the Court of Appeal. Prohibition lies to restrain a court or tribunal exercising adjudicatory functions from acting in excess of jurisdiction. (Code Civ. Proc., §§ 1102, 1103.) Mandate (Code Civ. Proc., § 1085) would appear to be the proper means by which to test the validity of the amendments to sections 4903 and 5710, however, since the Board would not be acting or threatening to act in excess of jurisdiction by conducting proceedings on an application for workers' compensation benefits.

represented an applicant, or that it had threatened to do so. Moreover, should they be denied a lien, plaintiffs will have a remedy in the "ordinary course of law" by petition to the Court of Appeal for a writ of review pursuant to section 5950 if, after representing an applicant, they are denied a lien on an award.

■ Further, a challenge to the validity of a statute prior to its actual application to the plaintiff seeks, in effect, declaratory relief. ■ Although the appellate courts of this state have original jurisdiction over mandamus actions, they do not have original jurisdiction over actions for declaratory relief. (Cal. Const., art. VI, § 10.) ■ Nonetheless, where the constitutional validity of a statute or constitutional provision is in issue; both this court and the Courts of Appeal have entertained challenges to the legislation when brought by petition for writ of mandate, and have done so prior to the implementation of the measure. (See, e.g., *Legislature* v. *Eu* (1991) 54 Cal.3d 492 [286 Cal.Rptr. 283, 816 P.2d 1309]; *Raven* v. *Deukmejian* (1990) 52 Cal.3d 336 [276 Cal.Rptr. 326, 801 P.2d 1077]; *Brosnahan* v. *Brown* (1982) 32 Cal.3d 236 [186 Cal.Rptr. 30, 651 P.2d 274]; *Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208 [149 Cal.Rptr. 239, 583 P.2d 1281]; *Planned Parenthood Affiliates* v. *Van de Kamp* (1986) 181 Cal.App.3d 245 [226 Cal.Rptr. 361]; *Committee to Defend Reproductive Rights* v. *Cory* (1982) 132 Cal.App.3d 852 [183 Cal.Rptr. 475].)

■ Mandamus may be available, therefore, if a statutory challenge is a "proper case" within the meaning of section 5955. Few decisions construe or apply that language. Here, unfortunately, there are no decisions under section 1759 of the Public Utilities Code or its predecessor, section 67 of the Public Utilities Act, that are helpful.

This court addressed the use of mandamus under the latter statute in *Palmer etc.* v. *Railroad Commission* (1914) 167 Cal. 163 [138 P. 997]. At that time the 1911 Public Utilities Act (Stats. 1911, Ex. Sess., ch. 14, § 67, p. 55) governed. There we held that mandamus, as allowed by section 67 of the Public Utilities Act, rather than certiorari to review a commission order, was plaintiffs' remedy to compel the Public Utilities Commission to investigate abuses alleged in a complaint against a water company if the commission had wrongfully refused to do so. That decision reflects a traditional use of mandamus to compel a body to act when required by law to do so. It is helpful only in its implicit assumption that the legislative intent, underlying the authority to seek mandamus against the Board in "proper cases," was that

in actions against the Board, the court apply the statutes and rules which establish the availability of mandamus generally.

This construction has been accepted by the Courts of Appeal in recent cases involving workers' compensation. Section 5955 was applied by the Court of Appeal in *Betancourt* v. *Workmen's Comp. App. Bd.* (1971) 16 Cal.App.3d 408 [94 Cal.Rptr. 9] to compel the Board to force compliance with an award. The Court of Appeal assumed that section 5955 authorized mandamus as permitted by Code of Civil Procedure section 1085, to compel performance of an act enjoined by law, where no adequate remedy at law was available. (16 Cal.App. 3d at pp. 412-413.) In *Fidelity & Cas. Co. of New York* v. *Workers' Comp. Appeals Bd.* (1980) 103 Cal.App.3d 1001 [163 Cal.Rptr. 339], the court again assumed that the "proper case" contemplated by section 5955 was one in which the writ was available under Code of Civil Procedure section 1085. (103 Cal.App.3d at pp. 1008-1009.) There, the petitioner claimed that the Board had violated its statutory powers and denied the petitioning insurer due process of law in proceedings for reconsideration of an order approving a compromise and release agreement.[13]

In the absence of any suggestion that the Legislature intended a different rule, the stipulation in section 5955 that mandamus be available "in all proper cases" authorizes mandamus against the Board in any situation in which mandamus is available under Code of Civil Procedure section 1085.

We conclude, therefore, that plaintiffs' remedies are limited to (1) a petition for review if the Board fails to award fees for their representation of an applicant and/or a lien for such fees, or (2) if they are able to satisfy the Court of Appeal that mandamus is appropriate under Code of Civil Procedure section 1085, a petition for writ of mandate.

V

DISPOSITION

The superior court properly dismissed plaintiffs' action. Section 5955 confers exclusive jurisdiction over their challenge to the validity of sections 4903 and 5710 on the Court of Appeal and this court.

---

[13]More recently, the Court of Appeal held that mandamus under Public Utilities Code section 1759, rather than a superior court action seeking injunctive relief against a utility, was a consumer's proper remedy when the legality or adequacy of a Public Utilities Commission order was called into question by the action. (*Brian T.* v. *Pacific Bell* (1989) 210 Cal.App.3d 894, 900-901 [258 Cal.Rptr. 707].) The court did not address the basis for its conclusion that mandamus was available, however.

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Mosk, J., Panelli, J., Kennard, J., Arabian, J., and George, J., concurred.