TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 99-712 |
| of | : | December 22, 1999 |
| BILL LOCKYER<br>Attorney General | : | |
| CLAYTON P. ROCHE<br>Deputy Attorney General | : | |

THE HONORABLE WILLIAM B. CONNERS, CITY PROSECUTOR, CITY OF MONTEREY, has requested an opinion on the following questions:

1. In light of the United States Supreme Court's recent decision in *Buckley* v. *American Law Foundation, Inc.,* is Elections Code section 9209 unconstitutional in requiring circulators of initiative petitions to declare that they are voters of the city?

2. Must circulators of a city initiative petition declare that they are city residents?

CONCLUSIONS

1.  In light of the United States Supreme Court's recent decision in *Buckley* v. *American Law Foundation, Inc.,* Election Code section 9209 is unconstitutional in requiring circulators of petitions to declare that they are voters of the city.

2.  Circulators of a city initiative petition need not declare that they are city residents.

ANALYSIS

The Legislature has enacted a comprehensive statutory scheme (Elec. Code, §§ 9200-9295)[1] governing municipal elections, including the approval of initiative measures submitted by the electorate (§§ 9200-9226; see Cal. Const., art. II, § 11).  A city initiative measure is a proposed ordinance filed by petition signed by a specified number of voters of the city within a specified period of time.  (§ 9201; see *Blotter* v. *Farrell* (1954) 42 Cal.2d 804, 810-812.)  The initiative petition "shall be accompanied by the written text of the initiative and may be accompanied by a written statement not in excess of 500 words, setting forth the reasons for the proposed petition."  (§ 9202, subd. (a); see also §§ 9205-9207; *Ibarra* v. *City of Carson* (1989) 214 Cal.App.3d 90, 94-97.)  Not all signatures need to be attached to the original petition; the petition may be split up into "sections," with each section containing "the title of the petition and the text of the measure."  (§ 9201.)

The two questions presented for resolution concern the requirements of section 9209, which govern those who may circulate city initiative petitions.[2]  Section 9209 provides:

"Each section shall have attached thereto the declaration of the person soliciting the signatures.  This declaration shall be substantially in the same form as set forth in Section 9022, except that the declaration shall declare that the circulator is a voter of the city, and shall state the voter's residence address at the time of the execution of the declaration."

Section 9022, subdivision (a) states:  "Each section shall have attached thereto the declaration of the person soliciting the signatures setting forth the information required by

---

[1] All references hereafter to the Elections Code are by section number only.

[2] We do not consider herein the charter provisions of a charter city relating to city initiative measures. (See Cal. Const., art. II, § 11; § 9247; *Browne* v. *Russell* (1994) 27 Cal.App.4th 1116.)

Section 104 and stating that the circulator is a registered voter of the state." Subdivision (a) of section 104, in turn, provides that each declaration attached to a section must contain, among other information, the printed name of the circulator and "[t]he residence address of the circulator, giving street and number, or if no street or number exists, adequate designation of residence so that the location may be readily ascertained."

### 1.  Voters of the City

The first question to be resolved is whether the circulator of an initiative petition must be "a voter of the city" as required under section 9209, or whether such statutory requirement is now unconstitutional in light of the United States Supreme Court's recent decision  in *Buckley* v. *American Constitutional Law Foundation* (1999) 525 U.S. 182 [142 L.Ed.2d 599, 119 S.Ct. 636].  We conclude that the statutory requirement is unconstitutional under *Buckley*.

In *Buckley*, the court ruled that a Colorado statute requiring all circulators of a statewide initiative petition to be "registered electors"[3] of the state was unconstitutional. The court explained in part:

"By constitutional amendment in 1980 . . . Colorado added to the requirement that petition circulators be residents, the further requirement that they be registered voters. . . . Beyond question, Colorado's registration requirement drastically reduces the number of persons, both volunteer and paid, available to circulate petitions.  We must therefore inquire whether the State's concerns warrant the reduction.  [Citation.]

"When this case was before the District Court, registered voters in Colorado numbered approximately 1.9 million.  At least 400,000 persons eligible to vote were not registered. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The Tenth Circuit reasoned that the registration requirement placed on Colorado's voter-eligible population produces a speech diminution of the

---

[3] A "voter of the city" would be one who is a "registered elector" of an election precinct located within the city.  (See §§ 321, 359.)

very kind produced by the ban on paid circulators at issue in *Meyer* [v. *Grant* (1988) 486 U.S. 414]. [Citation.] We agree. The requirement that circulators be not merely voter eligible, but registered voters, it is scarcely debatable given the uncontested numbers . . . decreases the pool of potential circulators as certainly as that pool is decreased by the prohibition of payment to circulators. Both provisions 'limi[t] the number of voices who will convey [the initiative proponents'] message' and, consequently, cut down 'the size of the audience [proponents] can reach.' [Citations.] In this case, as in *Meyer*, the requirement 'imposes a burden on political expression that the State has failed to justify.' [Citation.]

"Colorado acknowledges that the registration requirement limits speech, but not severely, the State asserts, because 'it is exceptionally easy to register to vote.' [Citation.] The ease with which qualified voters may register to vote, however, does not lift the burden on speech at petition circulation time. . . .

"The State's dominant justification appears to be its strong interest in policing lawbreaking among petition circulators. Colorado seeks to ensure that circulators will be amenable to the Secretary of State's subpoena power, which in these matters does not extend beyond the State's borders. [Citation.] The interest in reaching law violators, however, is served by the requirement, upheld below, that each circulator submit an affidavit setting out, among several particulars, the 'address at which he or she resides, including the street name and number, the city or town, [and] the county.' [Citation.] This address attestation, we note, has an immediacy, and corresponding reliability, that a voter's registration may lack. The attestation is made at the time a petition section is submitted; a voter's registration may lack that currency.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"In sum, assuming that a residence requirement would be upheld as a needful integrity-policing measure--a question we, like the Tenth Circuit, [citation] have no occasion to decide because the parties have not placed the matter of residence at issue--the added registration requirement is not warranted. That requirement cuts down the number of message carriers in the ballot-access arena without impelling cause." (119 S.Ct. at 642-645, fns. omitted.)

Similarly, here, we believe that the number of registered voters falls significantly short of the number of potential voters in any given city in California. Accordingly, requiring only registered voters to circulate initiative petitions unduly imposes a burden on "core political speech" by reducing "the number of voices who will convey [the initiative proponents'] message" (*Meyer* v. *Grant* (1988) 486 U.S. 414, 422.) The fact that registering to vote is "exceptionally easy" cannot "lift the burden on speech at petition circulation time." (*Buckley* v. *American Constitutional Law Foundation, supra*, 199 S.Ct. at 644.)[4]

We conclude in answer to the first question that in light of the recent *Buckley* decision, section 9209 is unconstitutional in requiring circulators of initiative petitions to declare that they are voters of the city.

2.  City Residents

The second question presented concerns whether circulators of an initiative petition must declare that they are city residents under the terms of section 9209. We conclude that circulators need not declare that they are city residents.

As previously quoted, section 9209 requires each circulator of an initiative petition to file a declaration "that the circulator is a voter of the city, and shall state the voter's residence address at the time of the execution of the declaration." If a circulator no longer is required to be "a voter of the city" under *Buckley*, does the circulator nevertheless need to be a resident of the city by virtue of section 9209's reference to "residence address"?

Section 9209 does not expressly require a circulator to declare that he or she is a resident of the city. Once the "voter" requirement is severed from the statute, the circulator's "residence address" may be located outside the jurisdiction of the city under the plain language of the statute. We follow the well established principle of statutory construction that "'courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' [Citation.]" (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097).

---

[4] By letter dated January 20, 1999, The Secretary of State, as chief elections officer, instructed local elections officials that due to the *Buckley* decision, "[t]here is no longer any requirement that initiative circulators be registered voters." The effect of this administrative interpretation of section 9209 is beyond the scope of our discussion. (See Cal. Const., art. III, § 3.5; *Greener* v. *Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1038; *Reese* v. *Kizer* (1988) 46 Cal.3d 996, 1001-1002; *Southern Cal. Lab. Management etc. Committee* v. *Aubry* (1997) 54 Cal.App.4th 873, 887; 68 Ops.Cal.Atty.Gen. 209, 219-222 (1985).)

No other statute expressly requires petition circulators to be residents of the city. (See §§ 104, 9022.) No particular or restricted geographical area is specified when declaring a circulator's "residence address."

In answer to the second question, therefore, we conclude that circulators of a city initiative petition need not declare that they are city residents.

*****