Filed 9/1/22  County of Santa Cruz Dept. of Child Support Services v. Clark CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| COUNTY OF SANTA CRUZ DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL DAX CLARK,<br><br>    Defendant and Appellant. | H047064<br>(Santa Cruz County<br> Super. Ct. No. PA015133) |

" 'A general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service.' " (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145.)  Default judgment was entered against defendant Gabriel Dax Clark in 2014, ordering him to pay child support for three children.  Defendant appeared in court on the matter multiple times in the years that followed without moving either to quash service of summons or for relief from default based on allegedly faulty service of summons.  Defendant moved to vacate his child support obligations in 2018, arguing that the judgment was void because he was never served with the original complaint.  The trial court denied the motion, finding defendant consented to jurisdiction by making general appearances.  We see no error and will affirm the order.

# I. TRIAL COURT PROCEEDINGS

Plaintiff County of Santa Cruz Department of Child Support Services (Department) sued defendant in 2013 to establish child support for three children. The proof of service of summons indicates sheriff's deputies attempted to personally serve defendant on six different dates at a residence in Felton. The proof of service indicates service was ultimately effectuated by substituted service at the Felton address as follows: the deputy "left [the complaint and other documents] with or in the presence of Linda Reynolds, Mother." Default judgment was entered in January 2014 after defendant filed no responsive pleading.

Defendant emailed the Department in 2014, stating that his passport had been revoked and inquiring about the case. The Department informed defendant he could request an adjustment or modification of child support if he submitted current income and expense information.

The Department asked the trial court to order defendant to seek work in October 2015. Defendant appeared in court on the case in January 2016, apparently self-represented. The minute order for the hearing does not indicate that defendant moved for relief from default based on faulty service, nor that defendant otherwise objected to the trial court's personal jurisdiction over him. The minute order states defendant was "sworn and examined," but there is no indication the hearing was reported. Defendant was apparently employed at the time of the hearing. The court ordered defendant to disclose his current address to the Department and to timely provide the Department notice of any change in residence or employment. Defendant appeared in court for contested hearings in the case at least three more times in 2016 and 2017. Nothing in the record suggests defendant objected to personal jurisdiction at those hearings. (Transcripts of those hearings are not part of the record on appeal.)

Defendant moved to vacate the child support order in January 2018—two years after his first appearance in court and four years after entry of the default judgment.

2

Defendant argued that service of the original summons was improper. A court commissioner heard multiple days of testimony about service of summons in the case. The commissioner denied defendant's motion by written order in January 2019.

The trial court heard the matter de novo after defendant objected to the commissioner's findings. The court asked defendant's counsel to address the Department's argument that defendant's general appearances waived any challenge to personal jurisdiction. The court asked counsel if defendant was "stipulating then that all evidence placed in the record [at the commissioner hearings] is now before this Court?" Counsel responded, "No, Your Honor." When counsel later referred to evidence from the commissioner hearings, the court interjected, "do not repeat all of the facts that were already presented before [the commissioner]. Unless your answer to the Court's question, are the parties stipulating that those facts are in evidence before this Court?" Defense counsel responded, "I understand," but never stipulated. The trial court denied defendant's motion, finding in its written order after hearing that defendant "made numerous general appearances before the court, the court made orders affecting [defendant], and [defendant] acted upon and received the benefit of those orders. Based on these general appearances by [defendant], any defects in service of the summons and complaint in this action have been cured." The order further provided the "record shall reflect that [defendant] declined an opportunity for an evidentiary hearing on the issues before the court at today's de novo hearing."

## II.  DISCUSSION

### A.  SCOPE OF REVIEW AND ADEQUACY OF THE RECORD

Defendant appeals from the trial court's order denying his motion to vacate a child support order for lack of personal jurisdiction. The trial court conducted a de novo hearing following the proceedings heard by the commissioner. (Fam. Code, § 4251, subd. (c).) " 'A hearing *de novo* literally means a new hearing, or a hearing the second time. [Citation.] Such a hearing contemplates an entire trial of the controversial matter

3

in the same manner in which the same was originally heard.  It is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held.' " (*County of Sacramento v. Llanes* (2008) 168 Cal.App.4th 1165, 1173.)  Arguments not raised in the de novo hearing are forfeited. (*Ibid.*)  Defendant did not present evidence at the de novo hearing.  He also did not stipulate in the de novo proceeding to admit the evidence heard by the commissioner. We therefore confine our review to only the record documents and arguments made at the de novo hearing, and we do not consider defendant's arguments based on testimony from the earlier hearing.

The appellant's appendix omits several pertinent record documents, including the motion to set aside child support that led to this appeal and evidence regarding his numerous court appearances in 2016 and 2017.  The majority of the relevant documents we rely on are part of the Department's motion to augment the record.  It is the appellant's burden to provide an adequate record.  (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 9 (*Obrecht*).)  Although defendant arguably forfeited his appellate arguments by not providing an adequate record, we address them in the interest of finality.

## B. DEFENDANT'S GENERAL APPEARANCES MOOTED ANY DEFECT IN SERVICE

Defendant argues the default judgment is void for lack of personal jurisdiction because he was never properly served with the summons and complaint.  It appears defendant bases his argument on Code of Civil Procedure section 473, subdivision (d), which provides that a trial court may "set aside any void judgment or order."  An order denying a motion to vacate judgment under Code of Civil Procedure section 473 is appealable as an order after judgment.  (*Cochran v. Linn* (1984) 159 Cal.App.3d 245, 248–249.)  We review a trial court's decision on a motion to set aside a judgment for abuse of discretion.  (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.)

4

"A general appearance by a party is equivalent to personal service of summons on such party." (Code Civ. Proc., § 410.50, subd. (a).) "A California defendant can preserve objections to personal jurisdiction only by making a *special* appearance, i.e., an appearance for the *sole* purpose of objecting to the court's jurisdiction." (*Obrecht*, *supra*, 245 Cal.App.4th at p. 8.) "Notwithstanding a 'special appearance' designation on a motion to quash, if the movant seeks relief on any basis other than lack of personal jurisdiction, he or she makes a general appearance." (*Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1037.)

The sole basis for defendant's motion to set aside the judgment is lack of personal jurisdiction due to allegedly faulty service of the original summons and complaint. To preserve that claim, defendant had to specially appear for the sole purpose of contesting personal jurisdiction. He made no such special and limited appearance. Defendant first appeared in court at the January 2016 hearing on the Department's request for a seek work order. Nothing in the record indicates defendant informed the court he was appearing specially. The minute order stating defendant was "sworn and examined" by the court demonstrates he submitted to the court's jurisdiction. Defendant forfeited his challenge to personal jurisdiction by appearing generally and participating in the action in a manner that recognized the trial court's jurisdiction over him. (See *Factor Health Management v. Superior Court* (2005) 132 Cal.App.4th 246, 250.) Defendant continued to recognize the court's jurisdiction over him by participating in at least three more hearings in 2016 and 2017. Because defendant consented to personal jurisdiction through those general appearances, he cannot show that the underlying judgment was void. The trial court therefore did not abuse its discretion in denying the motion to set aside the judgment.

Defendant's arguments to the contrary are unpersuasive. He repeatedly refers to having made a "special appearance" at the January 2016 hearing about the seek work order. That characterization is belied by the record, which shows that he was sworn and

5

examined at the hearing. Defendant faults the Department and the trial court for the absence of a reporter's transcript for that hearing, but the hearing minute order does not list a reporter, which suggests the hearing was not reported. Defendant apparently did not seek an agreed or settled statement about what occurred at those proceedings. (See Cal. Rules of Court, rules 8.130(h), 8.137.) Nor did defendant present any evidence at the de novo hearing that could have supported his claim, including testimony about what occurred at the January 2016 hearing. It is the appellant's burden both to provide an accurate record and to demonstrate error. (*Obrecht*, *supra*, 245 Cal.App.4th at pp. 8–9.) Having failed to do so, we presume that what occurred at the hearing supports the trial court's decision.[1] (*Ibid.*) Even assuming defendant objected at the January 2016 hearing based on faulty service of process, he forfeited the argument by also participating in the hearing in a manner that acknowledged the court's jurisdiction.

Defendant cites cases about the adequacy of alternative forms of service. (E.g., *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383.) But unlike defendant here, in each of those cases the defendant specially appeared to challenge the court's jurisdiction. (*Id.* at p. 386 ["Defendant moved to quash service of summons and the complaint on the ground that he was not served."].) Defendant did not specially appear and he forfeited the personal jurisdiction challenge.

Defendant argues "there was a total absence of the mandatory [Family Code section] 4251 advisement" at the January 2016 hearing. Family Code section 4251 addresses the use of commissioners to hear child support matters. It states the "parties shall also be advised by the court prior to the commencement of the hearing that the matter is being heard by a commissioner who shall act as a temporary judge unless any

---

[1] Defendant contends the failure to provide a verbatim transcript for the January 2016 hearing violates his rights to due process and equal protection under the federal constitution. The argument is forfeited for failure to provide citation to any relevant authority for that proposition. (*Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1084, fn. 16.)

party objects to the commissioner acting as a temporary judge." (Fam. Code, § 4251, subd. (b).)  We note that because nothing in the record demonstrates the commissioner failed to provide the required advisement, defendant has not met his burden to affirmatively show error.  (*Obrecht*, *supra*, 245 Cal.App.4th at pp. 8–9.)  Further, the type of judicial officer presiding over the hearing did not affect defendant's task during his first appearance—to either appear specially or forfeit any personal jurisdiction challenge.  Defendant did not appear specially, and his argument about the judgment being void therefore fails.

Because we find defendant consented to jurisdiction and that the judgment is therefore valid, we do not reach the Department's alternative theories for affirmance.  Nor do we reach defendant's contention that the Department should have confirmed his ability to pay before initiating contempt proceedings, as that argument is outside the scope of the discrete issue on appeal—whether the judgment was void for lack of personal jurisdiction.

### III.  DISPOSITION

The order is affirmed.  Each party shall bear its own costs on appeal.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H047064 -** *County of Santa Cruz Department of Child Support Services v. Clark*