[No. B212278. Second Dist., Div. Five. Mar. 13, 2009.]

ALEXANDER SZYNALSKI, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROSENTHAL & COMPANY LLC, Real Party in Interest.

## Counsel

Lincoln, Gustafson & Cercos, Thomas J. Lincoln and Christian W. Schmitthenner for Petitioner.

No appearance for Respondent.

Aires Law Firm and Timothy Carl Aires for Real Party in Interest.

**4**

## OPINION

## MOSK, J.—

### INTRODUCTION

Contending that the trial court lacked personal jurisdiction over him, defendant Alexander "Alex" Szynalski, pursuant to the writ of mandate procedure in Code of Civil Procedure section 418.10, subdivision (a)(1), challenges the trial court's order denying his motion to quash service of a summons and complaint. Szynalski contested personal jurisdiction over him in another California case—a class action—but that issue was not decided because the case settled. As part of the court-approved settlement agreement in that case, a court-appointed administrator of the settlement was retained by the parties. Szynalski and his companies agreed to pay the expenses of the administrator and agreed that the California trial court would have continuing jurisdiction over the terms of the settlement agreement, including a dispute relating to the "administrator's ability and need to perform its duties." Respondent Los Angeles County Superior Court (respondent court), in approving the settlement, expressly retained jurisdiction "as to all matters relating [to] the administration . . . of the Settlement Agreement." The administrator has now brought an action against Szynalski for payment of its fees.

We issued an order to show cause to review respondent court's order denying Szynalski's motion. We hold that the respondent court has personal jurisdiction over Szynalski because he has submitted to that court's jurisdiction, and because he has the required minimum contacts with California. Accordingly, we deny the petition.

### FACTS AND PROCEDURAL BACKGROUND

Szynalski is a defendant in this action, entitled *Rosenthal & Co. LLC v. Szynalski*, case No. BC385654, which case was filed in respondent court. This case arises from an underlying class action lawsuit, *La Rosa v. Nutramerica Corp.* (2008, No. BC309427) (La Rosa case), which case was also filed in respondent court, and in which Szynalski is a named defendant.

Szynalski filed a motion to quash service of the summons and complaint in the La Rosa case on the ground that he was not subject to personal jurisdiction in the State of California. That case, however, settled prior to the hearing on Szynalski's motion to quash. The settlement agreement was between Belkis La Rosa, individually, and on behalf of the settlement class, on

the one hand, and Nutramerica Corporation, TrimSpa Corporation, Goen Technologies Corporation, and Szynalski, on the other hand. As part of the settlement agreement, the parties agreed to retain a "Settlement Administrator" to administer the settlement. The defendants in that case, including Szynalski, agreed to pay the settlement administrator's costs and fees associated with administering the settlement agreement.

The settlement agreement contains the following provisions: "All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of the Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out." "The Parties acknowledge that Alex Szynalski, aka Alex Goen, has specially appeared in this action for [the] sole purpose of contesting the assertion of jurisdiction over him by the Los Angeles County, California, Superior Court. Szynalski moved to quash plaintiff's service of summons on him on the grounds that he was not subject to the jurisdiction of Los Angeles County, California, Superior Court. The Parties and the Court subsequently agreed that the Court need not yet rule on that motion. Consequently, Szynalski has not generally appeared in this action nor has he submitted to the Los Angeles County, California, Superior Court's jurisdiction. In light of the foregoing, the Parties agree that Szynalski enters this Settlement Agreement in the State of New Jersey."

All parties to the La Rosa case signed the settlement agreement, including Szynalski on his own behalf and on behalf of the other defendants, and it was submitted to respondent court for an order granting final approval of the agreement. As part of respondent court's order, real party in interest Rosenthal & Company LLC (Rosenthal) was confirmed as the settlement administrator, and jurisdiction was retained by respondent court "as to all matters relating [to] the administration, consummation, enforcement and interpretation of the Settlement Agreement."

Rosenthal undertook to administer the settlement agreement in compliance with respondent court's order. Rosenthal filed an action against Szynalski and the three companies of which Szynalski had been president for $700,870.15 for services in administering the settlement in the La Rosa case. The claims were based on theories of an oral agreement, implied agreement, and third party beneficiary contract. After Rosenthal filed its action, the defendants, including Szynalski, removed the action to the United States District Court based on diversity. The federal court remanded the action to respondent court

on the ground that respondent court had retained jurisdiction over matters relating to the settlement agreement, including payment obligations to Rosenthal. Szynalski then brought a motion in respondent court to quash service of the summons and complaint. Szynalski asserted that he is a resident of New Jersey, and has never lived, voted or had any license in California. He had been president of companies that "potentially" did business in California, but he personally never did business in California. Szynalski further argued that neither the settlement agreement nor the court order approving it conferred jurisdiction over him. Respondent court denied Szynalski's motion. We issued an order to show cause. We received a return to the petition from Szynalski as real party in interest and his request for judicial notice.[1]

## BURDEN OF PROOF AND STANDARD OF REVIEW

When a nonresident defendant challenges personal jurisdiction, the plaintiff "has the initial burden of demonstrating facts justifying the exercise of jurisdiction." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449 [58 Cal.Rptr.2d 899, 926 P.2d 1085] (*Vons*).) This burden applies to minimum contacts and consent for purposes of personal jurisdiction. (See *Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1062, 1063 [29 Cal.Rptr.3d 33, 112 P.3d 28]; *Holland America Line v. Wärtsilä North Amer.* (9th Cir. 2007) 485 F.3d 450, 455.) "If the plaintiff meets this initial burden, then the defendant has the burden of demonstrating 'that the exercise of jurisdiction would be unreasonable.' " (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 273 [127 Cal.Rptr.2d 329, 58 P.3d 2]; see *Snowney v. Harrah's Entertainment, Inc., supra*, 35 Cal.4th at p. 1062.) "When no conflict in the evidence exists, . . . the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record. [Citation.]" (*Vons, supra*, 14 Cal.4th at p. 449.)

## DISCUSSION

A. *Jurisdiction Principles*

1. *Specific Jurisdiction*

California courts may exercise jurisdiction over nonresidents "on any basis not inconsistent with the Constitution of this state or of the United States." (Code Civ. Proc., § 410.10.) Code of Civil Procedure section 410.10 "manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations." (*Sibley v. Superior Court* (1976) 16

---

[1] We deny the request for judicial notice.

Cal.3d 442, 445 [128 Cal.Rptr. 34, 546 P.2d 322].) The United States Constitution permits a state to exercise jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' [Citations.]" (*Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 66 S.Ct. 154].) "The 'substantial connection,' [citations], between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* [Citations.]" (*Asahi Metal Industry Co. v. Superior Court* (1987) 480 U.S. 102, 112 [94 L.Ed.2d 92, 107 S.Ct. 1026].)

■ Personal jurisdiction may be either general or specific. (*Vons, supra,* 14 Cal.4th at p. 445.) "When determining whether specific jurisdiction exists, courts consider the ' "relationship among the defendant, the forum, and the litigation." ' (*Helicopteros Nacionales de Colombia v. Hall* (1984) 466 U.S. 408, 414 [80 L.Ed.2d 404, 104 S.Ct. 1868, 1872], quoting *Shaffer v. Heitner* (1977) 433 U.S. 186, 204 [53 L.Ed.2d 683, 97 S.Ct. 2569, 2579].) A court may exercise specific jurisdiction over a nonresident defendant only if: (1) 'the defendant has purposefully availed himself or herself of forum benefits' (*Vons, supra,* 14 Cal.4th at p. 446); (2) 'the "controversy is related to or 'arises out of' [the] defendant's contacts with the forum" ' (*ibid.,* quoting *Helicopteros, supra,* 466 U.S. at p. 414 [104 S.Ct. at p. 1872]); and (3) ' "the assertion of personal jurisdiction would comport with 'fair play and substantial justice' " ' (*Vons, supra,* 14 Cal.4th at p. 447, quoting *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472–473 [85 L.Ed.2d 528, 105 S.Ct. 2174, 2182] (*Burger King*))." (*Pavlovich v. Superior Court, supra,* 29 Cal.4th at p. 269; see *Snowney v. Harrah's Entertainment, Inc., supra,* 35 Cal.4th at p. 1062.)

## 2. *Consent*

■ " '[D]ue process permits the exercise of personal jurisdiction over a nonresident defendant . . . ,' " inter alia, when the defendant consents to jurisdiction. (*Muckle v. Superior Court* (2002) 102 Cal.App.4th 218, 226 [125 Cal.Rptr.2d 303]; see *Burnham v. Superior Court of Cal., Marin County* (1990) 495 U.S. 604, 607 [109 L.Ed.2d 631, 110 S.Ct. 2105].) "A party, even one who has no minimum contacts with this state, may consent to jurisdiction in a particular case." (*Estate of Heil* (1989) 210 Cal.App.3d 1503, 1512 [259 Cal.Rptr. 28]; see 2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 186, pp. 794–795.) A person's consent to jurisdiction "may be expressed by words or by conduct." (Rest.2d Conf. of Laws, § 32, com. a, p. 130.)

Agreeing to resolve a particular dispute in a specific jurisdiction, for example, is one means of expressing consent to personal jurisdiction of courts

in the forum state for purposes of that dispute. (See, e.g., *Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at p. 473, fn. 14 (*Burger King*); *Fireman's Fund Ins. v. National Bank* (9th Cir. 1996) 103 F.3d 888, 893 [California federal court had specific personal jurisdiction over nonresident corporation based on agreement to arbitrate dispute in San Francisco].) Seeking and obtaining the benefits of court action is another means of expressing consent to the court's jurisdiction. (See, e.g., *Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52–53 [12 Cal.Rptr.3d 711]; 2 Witkin, Cal. Procedure, *supra,* § 192, pp. 799–801.)[2]

### B. *Szynalski's Contentions*

Szynalski argues that he does not have minimum contacts with California sufficient to confer personal jurisdiction over him. He adds that his mere presence in California to negotiate and sign the settlement agreement in the La Rosa case does not, standing alone, grant the state personal jurisdiction over him. He argues that he specifically disclaimed any personal jurisdiction when he entered into the settlement agreement and that any agreement with Rosenthal was a separate oral agreement, not subject to any of the provisions in the settlement agreement for jurisdictional purposes. Szynalski also contends that although the settlement agreement provides for jurisdiction over "[a]ll disputes relating to the Settlement Administrator's *ability and need to perform its duties*" (italics added), it says nothing about jurisdiction regarding the retention of or terms with the settlement administrator, including payment of the settlement administrator. Szynalski argues that the retention of jurisdiction provision in the settlement agreement and court order only apply to matters relating to the "administration, consummation, enforcement and interpretation of the settlement agreement," not to Rosenthal seeking damages under a separate oral contract.

### C. *Jurisdiction over Szynalski*

▮ There is authority for the proposition that a party's presence in the state for settlement negotiations may not necessarily result in personal

---

[2] Code of Civil Procedure section 418.10 is not relevant here. That section might support the conclusion that Szynalski's participation in court approval and administration of the settlement did not confer personal jurisdiction over Szynalski in the La Rosa case because the trial court in the La Rosa case never denied the petitioner's motion to quash in that action. (Code Civ. Proc., § 418.10, subd. (e)(1) ["no act by a party who makes a motion under this section . . . constitutes an appearance, unless the court denies the motion made under this section"]; see Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2008) ¶¶ 3:165 to 3:165.2.) The issue here, however, is not whether Szynalski consented to jurisdiction in the La Rosa case, but whether his conduct in obtaining judicial approval and administration of the settlement agreement manifested consent to personal jurisdiction in disputes arising from that agreement.

jurisdiction over the party in that state. (See *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.* (Fed. Cir. 1998) 148 F.3d 1355, 1360–1361 [Offer for a license within a cease and desist letter likened to offer of settlement, and alone, does not confer personal jurisdiction]; *Digi-Tel Holdings v. Proteq Telecommunications* (8th Cir. 1996) 89 F.3d 519, 524–525 ["courts have hesitated to use unsuccessful settlement discussions as 'contacts' for jurisdictional purposes"]; *North American Catholic Educ. Progra. v. Cardinale* (D.R.I. 2008) 536 F.Supp.2d 181, 191 (*North American*) ["The Court . . . has serious misgivings about construing an attempt at settlement within a particular forum as a jurisdictional contact."]; *In re Shipowners Litigation* (Minn.Ct.App. 1985) 361 N.W.2d 112, 115; but see *LaBonte v. Preyer* (E.D.Wis. 1969) 300 F.Supp. 1078, 1082 [settlement discussions by agent can confer jurisdiction over principal].) But Szynalski's actions in California were more than mere settlement negotiations.

Although Szynalski disputed that he was subject to personal jurisdiction in California for purposes of the underlying class action, he not only settled that action, he sought and obtained judicial approval from a California court of that settlement agreement, and, as part of the settlement agreement, agreed to retain the settlement administrator and to pay the settlement administrator's fees. (See *North American, supra*, 536 F.Supp.2d at p. 191 [although "misgivings" about attempt at settlement conferring jurisdiction, "result might be otherwise were this litigation intended to remedy a breach of a settlement agreement that had been negotiated or executed" in the forum state].) Szynalski thereafter accepted the benefits of the settlement administrator's efforts. In approving the settlement, respondent court in the La Rosa case issued an order, not challenged by Szynalski, that stated that respondent court would retain jurisdiction "as to all matters relating [to] the administration, consummation, *enforcement* and interpretation of the Settlement Agreement." (Italics added.) By virtue of that order, respondent court retained the right to *enforce* Szynalski's obligation to pay the administrator.

By obtaining court approval of the settlement, retaining a court-appointed administrator, accepting the benefits of the administrator's services, and agreeing to pay the administrator's fees—all with the understanding that respondent court retained jurisdiction to adjudicate issues relating to the settlement agreement—Szynalski *consented* to jurisdiction in California for the purpose of adjudicating issues arising out of the settlement agreement. Payment of the administrator is a matter arising out of the settlement agreement.

In addition, Szynalski, by accepting the benefits of a California court-appointed settlement administrator performing services in California as part of a California case, and undertaking to pay the administrator in California,

has "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (*Hanson v. Denckla* (1958) 357 U.S. 235, 253 [2 L.Ed.2d 1283, 78 S.Ct. 1228]; see *Burger King, supra*, 471 U.S. at p. 475.) The controversy arises out of Szynalski's contacts with California—the settlement agreement and court order. Accordingly, he has sufficient minimum contacts with California to support specific jurisdiction over him in the administrator's action for payment, regardless of whether petitioner might have been subject to California court jurisdiction in the La Rosa case. (See *Fireman's Fund Ins. v. National Bank, supra*, 103 F.3d at pp. 894–895; *see also Vorys, Sater, Seymour & Pease v. Ryan* (1984) 154 Cal.App.3d 91, 92–93 [200 Cal.Rptr. 858] ["a California resident who intervenes in Ohio litigation and goes there for negotiations resolving the litigation has sufficient minimum contacts with Ohio to enable its courts to exercise personal jurisdiction over him in an action by his Ohio attorney for attorneys' fees"]; *Minnesota Min. & Mfg. v. Nippon Carbide Industries* (8th Cir. 1995) 63 F.3d 694, 698 [court may use personal jurisdiction in action to enforce a settlement agreement over a party that entered the forum state to negotiate and execute the agreement].)

It should be no great burden on Szynalski to litigate in California a case involving the California settlement administrator with whom he had been dealing. As a California court appointed the settlement administrator and retained jurisdiction over the matter, California has an interest in adjudicating the dispute. The plaintiff, Rosenthal, has an interest in having the court that appointed it adjudicate the dispute. As the California court retained jurisdiction over the settlement, resolution of this dispute in California is an efficient way of handling the matter and is consistent with a policy of not having a multiplicity of jurisdictions involved. In view of these factors (*Asahi Metal Industry Co. v. Superior Court of California, Solano County, supra*, 480 U.S. at p. 113; *World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 292 [62 L.Ed.2d 490, 100 S.Ct. 559]), the exercise of personal jurisdiction over Szynalski is not unreasonable. Under the circumstances in this case, the exercise of jurisdiction over Szynalski in this case does not offend traditional notions of " 'fair play and substantial justice.' " (*Burger King., supra*, 471 U.S. at p. 486.) Accordingly, the three "prongs" or requirements necessary to establish jurisdiction—purposeful availment, relatedness, and fairness and reasonableness (see *Snowney v. Harrah's Entertainment, Inc., supra*, 35 Cal.4th at pp. 1062–1070) have been met.

### D. *Reservation*

■ That Szynalski purported in the settlement agreement to reserve his contention concerning personal jurisdiction is not determinative. Rosenthal was not a party to that agreement. Moreover, it is Szynalski's conduct and his

consent to jurisdiction in connection with this specific matter that control. One cannot alter by reservation the personal jurisdiction conferred by minimum contacts or consent. It has been stated that private parties cannot divest a court of personal jurisdiction by agreement. (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495 [131 Cal.Rptr. 374, 551 P.2d 1206] ["it is true that the parties may not *deprive* courts of their jurisdiction over causes by private agreement . . ."]; see also *Turcheck v. Amerifund Financial* (2006) 272 Mich.App. 341 [725 N.W.2d 684, 687] ["a valid forum-selection clause does not *divest* the Michigan courts of personal jurisdiction over the parties . . ."]; *Reiner, Reiner & Bendett, P.C. v. Cadle Co.* (2006) 278 Conn. 92 [897 A.2d 58, 65] ["The existence of [a forum-selection] clause does not deprive the trial court of personal jurisdiction over the parties, but presents the question whether it is reasonable for the court to exercise its jurisdiction in the particular circumstances of the case."]; *Manrique v. Fabbri* (Fla. 1986) 493 So.2d 437, 439 ["Forum selection clauses . . . do not 'oust' courts of their jurisdiction."]; Rest.2d Conf. of Laws, § 80, com. a, p. 244 ["Private individuals have no power to alter the rules of judicial jurisdiction. They may not by their contract oust a state of any jurisdiction it would otherwise possess."].)

Also relevant is the principle that a party's characterization of an appearance as a "special appearance" is not conclusive for purposes of determining whether the party "consented" to the court's personal jurisdiction by appearing in an action. (E.g., *Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1037 [25 Cal.Rptr.2d 539, 863 P.2d 784] ["Notwithstanding a 'special appearance' designation on a motion to quash, if the movant seeks relief on any basis other than lack of personal jurisdiction, he or she makes a general appearance."]; *In re Clarke* (1899) 125 Cal. 388, 392 [58 P. 22] ["On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. . . . [I]f he appears and asks for any relief which could only be given to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance, no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material."]; see generally, 2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 207, pp. 815–817.) Thus, a party's effort to restrict jurisdiction by a reservation is not necessarily conclusive.

### E. *Conclusion*

Rosenthal has met its burden establishing that Szynalski consented to jurisdiction and that he has the necessary minimum contacts with California

for purposes of specific personal jurisdiction. Szynalski's attempt by reservation to restrict respondent court's jurisdiction over him is to no avail. Accordingly, the trial court did not err in denying Szynalski's motion to quash service of process.

## DISPOSITION

The order to show cause is discharged. The petition for writ of mandate is denied. Real party in interest is awarded its costs.

Turner, P. J., and Armstrong, J., concurred.