**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IBRAHEEM ABBAS, | No. 19-56248 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-07399-CBM-AFM |
| MICHAEL S. TRAYLOR, Counsel for Plaintiff, | |
| Appellant, | MEMORANDUM* |
| v. | |
| VERTICAL ENTERTAINMENT, LLC; et al., | |
| Defendants-Appellees, | |
| and | |
| CRIMSON MULTIMEDIA, LTD.; et al., | |
| Defendants. | |

| | |
|---|---|
| IBRAHEEM ABBAS, | No. 19-56279 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-07399-CBM-AFM |
| v. | |
| MICHAEL S. TRAYLOR, Counsel for | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff,

Appellee,

VERTICAL ENTERTAINMENT, LLC; et al.,

Defendants-Appellants,

and

CRYSTALSKY MULTIMEDIA MARKETING, INC.; et al.,

Defendants.

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted July 30, 2021[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and MÁRQUEZ,[***] District Judge.

Plaintiff/Appellant/Cross-Appellee Ibraheem Abbas (Abbas) appeals dismissal of his copyright-infringement claims against several foreign individuals and entities relating to the animated film *Bilal: A New Breed of Hero* (*Bilal*). Abbas

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

also appeals the district court's orders imposing sanctions against his counsel under Federal Rule of Civil Procedure 11 and denying him leave to amend his complaint.

Defendants/Appellees/Cross-Appellants Ayman Jamal (Jamal), Barajoun Entertainment FZ-LLC (Barajoun), Vertical Entertainment, LLC (Vertical), Resnick Interactive Development, LLC (Resnick), and Lakeshore Records, LLC (Lakeshore) (collectively, Appellees), cross appeal the denial of a motion for attorney's fees and costs under 17 U.S.C. § 505, and the motion for Rule 11 sanctions to the extent the district court failed to award the full amount sought and did not impose sanctions jointly against Abbas and his counsel. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's dismissal for lack of personal jurisdiction, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), and review an order denying reconsideration for an abuse of discretion, *Kerr v. Jewell,* 836 F.3d 1048, 1053 (9th Cir. 2016).

1.      The district court properly granted Jamal's and Barajoun's motion to dismiss for lack of personal jurisdiction.[1] Abbas fails to establish that Jamal or Barajoun had any contacts with California that would permit the court to exercise personal

---

[1] We previously granted Crystalsky Multimedia Marketing, Inc.'s (Crystalsky) motion to dismiss the appeal because Abbas did not mention Crystalsky in his opening brief.

jurisdiction over them. *See Schwarzenegger*, 374 F.3d at 800; Cal. Code Civ. Proc § 410.10. Specifically, Abbas fails to satisfy the effects test from *Calder v. Jones*, 465 U.S. 783, 787 (1984), and fails to show that his claims arise out of any contacts that Jamal or Barajoun purportedly had with California under *Walden v. Fiore*, 571 U.S. 277, 284 (2014). *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S.Ct. 1773, 1783 (2017).

2.      The district court did not abuse its discretion by denying Abbas' motion for reconsideration of the order dismissing Jamal and Barajoun for lack of personal jurisdiction. The district court applied the correct legal standard and properly denied the motion because Abbas provided no legal support for his argument that purported consent to jurisdiction in an unrelated dispute could establish personal jurisdiction over Jamal and Barajoun in this case. *See Szynalski v. Superior Court*, 172 Cal. App. 4th 1, 7–8 (2009).

3.      We review the district court's decision to impose sanctions under Federal Rule of Civil Procedure 11 for an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). The district court issued sanctions against Abbas' counsel after finding the jurisdictional allegations in the complaint—that Jamal is a "resident of the County of Los Angeles" and that Barajoun has a "principal place of business in Los Angeles County"—were "undisputedly false." Abbas admits these statements were false, but contends sanctions were inappropriate because the

4

allegations were made "on information and belief" and "carefully crafted" to "cautiously" allege the defendants' residences. But Abbas offers no authority supporting his contention that issuing Rule 11 sanctions is an abuse of discretion when demonstrably false allegations are levied in a carefully crafted fashion. In light of the district court's findings regarding the demonstrable falsity of the jurisdictional allegations, the district court did not abuse its discretion by awarding attorney's fees under Rule 11 for the costs of defending against those frivolous allegations. *See Holgate v. Baldwin*, 425 F.3d 671, 676–77 (9th Cir. 2005).

4.     On cross appeal, Appellees contend the district court abused its discretion by not awarding sanctions jointly and severally against Abbas and his counsel, and by limiting the award of attorney's fees to only those fees incurred defending against the jurisdictional allegations. While Appellees provide authority for the position that the district court could have awarded sanctions jointly and severally against Abbas and his counsel, they offer no authority supporting the position that the district court abused its discretion by awarding sanctions only against the attorney who signed and submitted the complaint containing the false allegations to the court with knowledge those allegations were unsupported. *See* Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."); *Holgate*, 425 F.3d at 675 ("Abuse of discretion may be found if the district court based its decision on an erroneous view

5

of the law or on a clearly erroneous assessment of the evidence."). Similarly, Appellees provide authority for the contention that the district court could have awarded all of the requested sanctions based on findings that the remainder of Abbas' claims were frivolous or brought in bad faith, but fail to provide authority indicating the district court applied the wrong legal standard or otherwise abused its discretion in limiting the fee award to the complaint's demonstrably false jurisdictional allegations. *See Holgate*, 425 F.3d at 675. Accordingly, the district court applied the correct legal standard and did not abuse its discretion by granting Jamal's and Barajoun's Rule 11 motion for sanctions and limiting the sanctions award to the fees incurred defending against the demonstrably false jurisdictional allegations.

5.     Abbas also claims that the district court erred by granting the motion for judgment on the pleadings as to Vertical, Resnick, and Lakeshore based on the three-year statute of limitations. A dismissal on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed *de novo*. *See Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017). As the district court correctly found, Abbas' claims turn on whether Abbas can establish ownership of *Bilal*, rather than on subsequent infringement of the film. Based on Abbas' allegations, the district court correctly reasoned that, under *Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013), the gravamen of Abbas'

6

claims is ownership because Appellees admitted that they distributed *Bilal*, but defended their purportedly infringing acts by contending that Abbas is not the owner of the film or any materials incorporated into it. *See id.* ("[T]his dispute is about ownership—Paramount concedes it is exploiting the pictures, but denies that Seven Arts owns the copyrights.").

As the district court recognized, "'claims of co-ownership' . . . accrue only once, 'when plain and express repudiation of co-ownership is communicated to the claimant.'" *Id.* (citations omitted). Under these circumstances, a plaintiff must bring suit within three years of receiving notice of the repudiation of his or her ownership rights. *See id.* at 1258; *Aalmuhammed v. Lee*, 202 F.3d 1227, 1230–31 (9th Cir. 2000). While Abbas does not address the three-year statute of limitations in his briefing, thus waiving the issue, the district court correctly found that Barajoun expressly repudiated Abbas' ownership claim by June 9, 2015, when Barajoun filed the copyright-infringement lawsuit against Abbas in Saudi Arabia. That lawsuit, in which Jamal and Barajoun asserted ownership of *Bilal*, notified Abbas that Jamal and Barajoun claimed ownership of the materials that were allegedly incorporated into *Bilal*. Accordingly, Abbas' complaint, which was filed on August 23, 2018, is barred by the three-year statute of limitations. *See Seven Arts*, 733 F.3d at 1255; *Zuill v. Shanahan*, 80 F.3d 1366, 1370–71 (9th Cir. 1996).

6. Abbas also challenges the district court's denial of reconsideration of its statute of limitations ruling, arguing that the ruling incorrectly assumed that Abbas is asserting ownership over *Bilal*. But as the district court correctly determined, Abbas could have, but failed, to make that argument when opposing the motion for judgment on the pleadings, so that argument was an improper basis for reconsideration.

Even if it were a proper basis for reconsideration, as discussed above, the district court correctly rejected that argument because the "complaint explicitly alleges that all of Abbas' claimed original works were incorporated into the final *Bilal* film" and that, as a result, "the Saudi dispute, in which [Jamal and Barajoun] asserted ownership of *Bilal*, necessarily notified Abbas that [they] claimed ownership of the same material of which he asserts ownership." Abbas fails to show this conclusion was an abuse of discretion.

7. The district court also did not abuse its discretion by denying leave to amend. *See Curry v. Yelp Inc.,* 875 F.3d 1219, 1224 (9th Cir. 2017). Abbas never provided any additional facts that he could allege to establish personal jurisdiction over Jamal or Barajoun, or that would remedy his time-barred ownership claims. Abbas also failed to provide any such facts in his appellate briefing. Accordingly, amendment would be futile and dismissal without leave to amend was not an abuse of discretion. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)

8

(recognizing that dismissal with prejudice is proper when amendment would be futile); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (finding no abuse of discretion for denial of leave to amend where plaintiff failed to identify facts that could cure the deficiencies in the complaint).

8.      Finally, Appellees argue that the district court abused its discretion by denying the motion for attorney's fees and costs under 17 U.S.C. § 505. Under § 505, a district court may award reasonable attorney's fees and costs to the prevailing party in a copyright suit. *See* 17 U.S.C. § 505. The district court denied the § 505 motion based on its finding that an award of attorney's fees would not further the purposes of the Copyright Act. However, "[u]nder the Copyright Act, the question is whether a successful *defense* of the action further[s] the purposes of the Act, not whether a *fee award* would do so." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994)). Accordingly, the district court abused its discretion by applying the incorrect legal standard, so we reverse and remand for the district court to consider the § 505 motion for attorney's fees under the proper legal standard.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**[2]

---

[2] The motion to take judicial notice (Dkt. 58) is GRANTED. Each party shall bear its own costs on appeal.

9