Filed 7/15/22

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074452 |
| v. | (Super. Ct. No. FELJS19000170) |
| M.H., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lorenzo R. Balderrama, Judge.  Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor and Alana C. Butler, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

# INTRODUCTION

After defendant and appellant M.H. was convicted of a criminal offense, she was committed to the Department of State Hospitals at Patton as a Mentally Disordered Offender (MDO) under Penal Code section 2962.[1] While committed at Patton, M.H. filed a petition under section 2966, subdivision (c) challenging her commitment and requesting appointment of counsel and a hearing. The trial court appointed counsel for defendant, and defendant requested a bench trial.

Toward the beginning of the bench trial, the trial court advised defendant of her right to a jury trial under section 2966, subdivision (b), but did not advise her of her right to call, confront, or subpoena witnesses. Defendant did not object, waived her right to a jury trial, and stipulated to the trial court's ruling on her petition based on the parties' papers. The trial court found beyond a reasonable doubt that defendant qualified as a MDO and denied her petition. Defendant timely appealed.

Defendant contends section 2966, subdivision (b) required the trial court to advise her of her right to call and confront witnesses and subpoena them if necessary, that the trial court erred in failing to do so, and that her trial counsel was ineffective for failing to advise her of her rights. We disagree and affirm.

---

[1] All further statutory references are to the Penal Code. The facts of M.H.'s underlying offense are not relevant to the issues on appeal.

## II.

## DISCUSSION

"The [MDO Act], enacted in 1985, requires that offenders who have been convicted of violent crimes related to their mental disorders, and who continue to pose a danger to society, receive mental health treatment during and after the termination of their parole until their mental disorder can be kept in remission. [Citation.] Although the nature of an offender's past criminal conduct is one of the criteria for treatment as [an MDO], the MDO Act itself is not punitive or penal in nature. [Citation.] Rather, the purpose of the scheme is to provide MDO's with treatment while at the same time protecting the general public from the danger to society posed by an offender with a mental disorder. [Citation.]" (*In re Qawi* (2004) 32 Cal.4th 1, 9.)

The People argue defendant forfeited her argument that the trial court erred because she did not object when the trial court failed to advise her of her right to call, confront, and subpoena witnesses. Assuming she forfeited the argument, we exercise our discretion to address the issue on the merits "to avert [defendant's] claim of inadequate assistance of counsel." (*People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310.)

As defendant acknowledges, section 2966 "does not expressly" require the trial court to advise a section 2966 petitioner of his or her right to call, confront, or subpoena witnesses at a section 2966 petition hearing. Yet defendant argues the trial court had to advise her of those rights because failing to do so is inconsistent with the MDO Act (§§ 2960 et seq.) and violates due process.

3

We must interpret a statute to effect its purpose. (*Bernard v. City of Oakland* (2012) 202 Cal.App.4th 1553, 1560-1561.) To do so, we first look to the plain meaning of the statute's words. (*Uber Technologies Pricing Cases* (2020) 46 Cal.App.5th 963, 973.) If the plain meaning of the statute is clear and unambiguous, "the statute's plain meaning controls." (*Green v. State of California* (2007) 42 Cal.4th 254, 260.)

Among other things, section 2966, subdivision (b) provides that the trial court "shall advise the petitioner [in a section 2966 proceeding of his or her] right to be represented by an attorney and of the right to a jury trial." But it says nothing about a section 2966 petitioner's right to call, confront, or subpoena witnesses.

"'[U]nder the doctrine of *expressio unius est exclusio alterius*, "the expression of one thing in a statute ordinarily implies the exclusion of other things." [Citation.]'" (*Naidu v. Superior Court* (2018) 20 Cal.App.5th 300, 307.) Thus, the fact that section 2966, subdivision (b) states the trial court must advise a section 2966 petitioner of his or her right to an attorney and to a jury trial, but does not mention any right to call, confront, or subpoena witnesses, indicates that the Legislature did not intend to require trial courts to advise petitioners of such a right. (See *ibid.*) Nothing else in the MDO Act's text suggests that the trial court must so advise a section 2966 petitioner.

Defendant nonetheless argues that requiring trial courts to advise section 2966 petitioners that they have the right to call and confront witnesses is consistent with the MDO Act's intent. That may be, but "we are not in a position to engraft such a

4

requirement into the [MDO Act]." (*In re Jose C.* (2007) 155 Cal.App.4th 844, 849, fn. 2.)

Defendant contends our refusal to do so will cause "absurd consequences." In her view, it would be absurd to require trial courts to advise section 2966 petitioners of their right to an attorney and to a jury trial but not of their right to call, confront, and subpoena witnesses.

"[S]tatutory language should not be given a literal meaning if it would result in absurd consequences that the Legislature did not intend." (*People v. Achrem* (2013) 213 Cal.App.4th 153, 157.) We thus apply the absurd consequences exception only when a literal reading of the statute would "clearly undermine the statutory purpose." (*Cassel v. Superior Court* (2011) 51 Cal.4th 113, 119.) But we employ it "sparingly and only in extreme cases." (*People v. May* (2007) 155 Cal.App.4th 350, 362.)

Defendant fails to show that this is an "extreme case," so we decline to apply the absurd consequences exception here. If the Legislature wanted trial courts to advise section 2966 petitioners of their right to call, confront, or subpoena witnesses, it could have done so, but it did not.

Defendant argues we should nonetheless read such a requirement into the MDO Act because trial courts are required to advise criminal defendants of their constitutional right to call and confront witnesses. But, in enacting the MDO Act, the Legislature could have reasonably concluded that trial courts need only advise MDO petitioners of their right to an attorney and to a jury trial. (See *People v. Fisher* (2009) 172 Cal.App.4th

5

1006, 1013 (*Fisher*) ["An MDO proceeding is civil, rather than criminal, in nature. [Citation.] It does not implicate all of the constitutional and procedural safeguards afforded to criminal defendants."]; see also *People v. Blackburn* (2015) 61 Cal.4th 1113, 1120 (*Blackburn*) ["various constitutional protections" criminal defendants receive are "inapplicable" in civil commitment proceedings].) The Legislature accomplished that goal by passing section 2966, subdivision (b), which expressly requires only those advisements. Interpreting the MDO Act (namely, 2966, subdivision (b)) according to its plain terms—which does not mention any right to call and confront witnesses—will not lead to "an absurd, clearly unintended result." (*People v. Jenkins* (1995) 10 Cal.4th 234, 247.) We thus conclude the trial court was not required under the MDO Act to advise defendant of her right to call, confront, and subpoena witnesses. Even if the trial court erred under the MDO Act in failing to advise defendant that she had a right to call, confront, and subpoena witnesses during the MDO proceedings, any error was harmless for the reasons explained below.

Defendant claims the trial court's failure to advise her that she had a right to call, confront, and subpoena witnesses violated her due process rights under the state and federal constitutions. Assuming without deciding defendant is correct, any error was harmless under any standard. (See *Fisher*, *supra*, 172 Cal.App.4th at p. 1014.)

Relying on *Blackburn*, *supra*, 61 Cal.4th 1113, defendant suggests that the trial court's failure to advise her of her right to call, confront, and subpoena witnesses requires automatic reversal unless there is evidence that she knowingly and voluntarily waived that right. Because there is no such evidence, defendant contends we must reverse.

We disagree. *Blackburn* held only that "[w]hen a trial court errs in *completely denying* an MDO defendant his or her statutory right to a jury trial, the error constitutes a miscarriage of justice and automatically requires reversal." (*Id*. at p. 1117, italics added.) That did not occur here, so *Blackburn* does not apply. As several courts have acknowledged, other errors in MDO proceedings are subject to the usual harmless error standards. (See, e.g., *Fisher*, *supra*, 172 Cal.App.4th at p. 1014; *People v. Hill* (2013) 219 Cal.App.4th 646, 652-653.)

Defendant does not explain in either her opening or supplemental opening briefs[2] how the trial court's failure to advise her that she had a right to call, confront, and subpoena witnesses prejudiced her[3]. We therefore conclude defendant failed to meet her burden of showing the trial court's alleged error was prejudicial under any standard. (See *People v. Dunn-Gonzalez* (1996) 47 Cal.App.4th 899, 910; see also *Fisher*, *supra*, 172 Cal.App.4th at p. 1014 [errors in MDO proceedings generally require a showing of

---

[2] Defendant was granted leave to file a supplemental brief addressing *People v. Washington* (2021) 72 Cal.App.5th 453 (*Washington*), which was decided after we issued a tentative opinion but before oral argument.

[3] We decline to address defendant's arguments on the issue raised for the first time in her supplemental reply brief.

prejudice].)  As a result, we reject defendant's ineffective assistance of counsel (IAC) claim.  (*People v. Kipp* (1998) 18 Cal.4th 349, 366 ["If a defendant has failed to show that the challenged actions of counsel were prejudicial, a reviewing court may reject the claim on that ground without determining whether counsel's performance was deficient."].)  In any event, we reject defendant's IAC claim on the merits for the reasons below.

In supplemental briefing, defendant argues the trial court's failure to advise her that she had a right to call, confront, and subpoena witnesses violated her equal protection rights under the federal and California constitutions.  We assume without deciding that defendant did not forfeit the argument by failing to raise it in the trial court, as the People contend.  We independently review defendant's equal protection claim and reject it on the merits.  (*People v. McKee* (2012) 207 Cal.App.4th 1325, 1338.)

In defendant's view, failing to advise individuals facing an MDO commitment that they have the right to call, confront, and subpoena witnesses violates equal protection principles because individuals facing a not guilty by reason of insanity (NGI) commitment must be advised of those rights.  (See § 1026 et seq.; *People v. Morales* (2016) 63 Cal.4th 399, 408  ["'"'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'"'"].)  Defendant contends that trial courts must advise those in NGI proceedings that they have the right to call,

8

confront, and subpoena witnesses, and that there is no rational reason why trial courts need not so advise individuals in MDO proceedings.

To support her position that individuals in NGI proceedings must be advised that they have the right to call, confront, and subpoena witnesses, defendant points to section 1026.5, subdivision (b)(7), which provides that those individuals "shall be entitled to the rights guaranteed under the federal and State Constitutions for criminal proceedings" and that "all [NGI recommitment] proceedings shall be in accordance with applicable constitutional guarantees."

This provision does not support defendant's position that alleged NGIs must be advised that they have they have the right to call, confront, and subpoena witnesses under section 1026.5. "'When a defendant chooses to be represented by professional counsel, that counsel is "captain of the ship" and can make all but a few fundamental decisions for the defendant.'" (*People v. Alfaro* (2007) 41 Cal.4th 1277, 1320.) Those fundamental rights include whether to plead guilty, to waive the right to trial by jury, to waive the right to counsel, and to waive the right to be free from self-incrimination. (*In re Horton* (1991) 54 Cal.3d 82, 95.) Aside from these "fundamental decisions," a defendant who chooses to be represented by counsel "surrenders . . . to *counsel's* complete control of defense strategies and tactics." (*People v. Hamilton* (1989) 48 Cal.3d 1142, 1163.) Counsel's control of the defense "extends to matters such as deciding what witnesses to call, whether and how to conduct cross-examination . . . and most other strategic and tactical determinations." (*People v. McKenzie* (1983) 34 Cal.3d 616, 631.)

9

Thus, criminal defendants and individuals placed in MDO and NGI proceedings who have chosen to be represented by counsel do not have the right to call, confront, or subpoena witnesses if their counsel chooses not to do so. It follows that trial courts need not advise MDO or NGI defendants that they have the right to call, confront, and subpoena witnesses, as defendant contends. As a result, the trial court did not violate defendant's equal protection rights by not advising defendant that she had the right to call, confront, and subpoena witnesses—because no such right exist for an MDO defendant represented by counsel. (See *People v. Hubbart* (2001) 88 Cal.App.4th 1202, 1216 [equal protection claim under federal and California constitutions require a threshold showing of disparate treatment between similarly situated groups].) This means that defendant's counsel was not ineffective for failing to advise defendant that she had a right to call, confront, and subpoena witnesses or for failing to ensure the trial court advised her of those alleged rights. (*People v. Price* (1991) 1 Cal.4th 324, 387 [counsel is not ineffective for failing to make a meritless request].)

*Washington*, *supra*, 72 Cal.App.5th 453 does not compel a different conclusion, as defendant contends. As relevant here, the *Washington* court considered whether the Sexually Violent Predators Act (SVPA) violates equal protection principles because it creates "a presumption of a court trial absent an affirmative request by the alleged [sexually violent predator] or his or her attorney for a jury trial" and does not require trial courts to advise the alleged sexually violent predator of their right to a jury trial. (*Id*. at p. 472.) The *Washington* court did not consider whether individuals in MDO proceedings

10

(or NGI or SVPA proceedings) must be advised of a right to call, confront, and subpoena witnesses at trial. *Washington* therefore does not apply here. (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10 ["[C]ases are not authority for propositions not considered."].)

IV.

DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.